Weygandt, C. J.
The sales tax assessment issued against the appellee sign company is based on rentals charged by the company during the four-year period for certain electrical out *162 door advertising signs owned, furnished, installed and maintained by it in the Cincinnati area under contracts with various customers.
Some of the signs were placed on premises either- owned or leased by the customers, while others were on property either owned or leased by the appellee sign company.
When the appellee company brought its signs into this state for installation, it paid the Ohio use tax on the full cost.
However, for a period of 20 years, the company has not charged the Ohio sales tax to its customers on the monthly rentals received under its various contracts.
In assessing the sales tax the Tax Commissioner made a distinction between rentals from signs located on premises owned or leased by the customers and rentals from those signs on property owned or leased by the sign company. The rentals accruing from the latter signs were not assessed, while the rentals from the signs located on property owned or leased by the customers were assessed.
The Board of Tax Appeals held that the single fact of ownership of the premises on which the signs were located is not controlling, and both types of rentals were held not subject to the sales tax. Hence, the order of the Tax Commissioner was reversed as to the tax assessed against the rentals accruing from signs located on property owned or leased by the customers, and it is here contended that the decision of the Board of Tax Appeals is unreasonable and unlawful.
The nub of this controversy is so-called Rule 74 which was promulgated by the Tax Commissioner himself in the year 1939, and which the appellee company insists it has followed for 20 years without objection. The commissioner now contends that this rule is not applicable to the instant situation while the appellee company and the Board of Tax Appeals take the opposite view. The rule reads as follows:
“Outdoor Advertising Concerns “Sales Tax
“The charges collected by outdoor advertising concerns are charges for services and are not subject to the tax imposed by Section 5546-2 of the General Code [Section 5739.02, Revised Code]. Such concerns are consumers of all items of tangible *163 personal property used by them in tbe conduct of tbeir business, and the tax shall be collected from them by the vendor on sales of lumber, paint, materials, trucks, maintenance equipment and similar items of tangible personal property used in their business.
“Outdoor advertising concerns, for the purpose of this ruling, are those businesses furnishing and serving outdoor advertising signs.”
This rule is intended to be supplementary to the provisions of Section 5739.01 (B), Revised Code (126 Ohio Laws, 157), which read in part as follows:
‘Sale’ and ‘selling’ include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever * *
It is not contended that the rule is in conflict with the statute, but it is insisted that the rule has been misinterpreted and misapplied to the instant situation by the Board of Tax Appeals.
Specifically, the Tax Commissioner urges that “the only question before the court is whether the assessed transactions in the instant case involved a transfer of possession.” It is noted that the word, “possession,” is used but not defined in the sales tax statutes. To assist in solving the difficulty, the commissioner relies also on his Rule 106 which reads in part:
“Persons engaged in the business of painting signs on their own articles of tangible personal property, which they sell as .a finished article to the consumer, are making sales at retail and must obtain a vendor’s license and collect the tax based on the total price charged for such signs. * * *
“Persons engaged in the business of selling to users or consumers electric, neon, or other illuminated signs, whether manufactured by themselves or not, are selling tangible personal property at retail and must collect the tax. * * * ”
In its carefully reasoned decision, the Board of Tax Appeals resolved the difficulty as follows:
*164 “The evidence before the Board of Tax Appeals makes it clear that the appellant qualifies as an ‘outdoor advertising concern,’ within the meaning of those words as used in Rule No. 74, and it is our view that the appellant was, and is, entitled to rely upon the provisions of Rule No. 74 so long as said rule remains in its present form. There is nothing in Rule No. 74 to limit its application to ‘billboards,’ as claimed by the Tax Commissioner, nor does it make a distinction in tax status based upon the ownership of real property upon which advertising signs are erected.
“It is obvious that there is some conflict between Rule No. 74 and Rule No. 106 although neither rule appears to be in serious conflict with the statutes. Each rule appears to be reasonable and within the scope of the authority given to the Tax Commissioner to ‘promulgate’ rules. However, since Rule No. 74 governs ‘outdoor advertising concerns,’ it would not be unreasonable to assume that Rule No. 106, adopted the day after Rule No. 74 was adopted, governs ‘indoor advertising concerns.’ It might also be assumed that Rule No. 74 governs instances where the transactions involve rental only and that Rule No. 106 governs instances where the transactions involve outright sales where both ‘title’ and ‘possession’ are transferred.
“In the case of a conflict between rules of the Tax Commissioner or in a case where ambiguous language makes it difficult for a taxpayer to ascertain which rule governs its transactions, this board is of the view that the conflict and ambiguous language must be resolved against the Tax Commissioner and in favor of the taxpayer.
“In none of the appellant’s transactions was ‘title’ to the signs transferred. In some of its transactions neither ‘title’ nor ‘possession’ of the signs was transferred. In the other transactions, such as the ones here in question, the only ‘possession’ that was transferred to the customer was the ‘formal possession’ made necessary by virtue of the fact that the signs were erected on real property owned or leased by the customer rather than on property owned or leased by the appellant. However, by virtue of the provisions of the rental agreements, the appellant at all times retained the ‘possession’ *165 or ‘custody’ necessary to perform the maintenance on these signs required under the terms of the agreements. And the signs themselves were not used or manipulated in any way by the customer in the same sense that a rented automobile, business machine, etc., might be said to be so used.”
In conformity with the foregoing reasoning, this court is of the view that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful.

Decision affirmed.

Zimmerman, Taet, Matthias and O’Neill, JJ., concur.
Herbert, J., not participating.